WASHINGTON (COSTIN v.). See Case No. 3,266.

## Case No. 17,227.

### WASHINGTON v. DAWSON.

[1 Hayw. & H. 236.] [1]

Circuit Court, District of Columbia. April 7, 1846.

JUSTICE OF THE PEACE — ATTACHMENT FOR CONTEMPT.

Under Act Md. 1791, c. 68, § 8, an attachment for contempt can be issued against a witness who refuses to obey a summons issued by a justice of the peace.

Attachment for contempt.

In this case John T. Wright was summoned to attend before justice of the peace John D. Clark and disobeyed the summons, whereupon the justice issued an attachment against Wright on the day of trial. It was issued under Act Md. 1791, c. 68, § 8,[2] returnable before the circuit court now in session. John T. Wright was brought before the court by John W. Dexter, the constable to whom the attachment was directed.

Mr. Bradley, attorney for the corporation, said it was exceedingly desirable that the court should make a decision with reference to the present case that would settle the point, as many witnesses summoned to give testimony before the justices had refused to attend, under the idea that they were not legally bound to obey the summons.

The Honorable Judges MORSELL and DUNLOP concurred in the opinion expressed at the bar; that the practice should be established, and witnesses should know that it was their duty to yield obedience to the summons of the constituted authorities.

THE COURT concurred in these remarks, fined the witness one dollar, and required him to pay the costs of the attachment.

WASHINGTON (DELANY v.). See Case No. 3,755.

WASHINGTON (DIXON v.). See Case No. 3,935.

WASHINGTON, The (DOUGLASS v.). See Case No. 4,033.

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[2] Act 1791, c. 68, § 8: Where witnesses do not attend according to summons, the justice before whom such witness ought to have attended shall enforce obedience to his process by attachment of contempt, to be returnable before the justices of the next county court, who shall take cognizance thereof and shall at their discretion fine the offender any sum not exceeding 20s. current money for every such offence, to be applied towards the county charge. 1 Herty's Laws Md. p. 488; Thomp. Dig. 260.

## Case No. 17,228.

### WASHINGTON v. EATON.

[4 Cranch, C. C. 352.] [1]

Circuit Court, District of Columbia. Nov. Term, 1833.

CORPORATION OF WASHINGTON—VALIDITY OF BY-LAW—USE OF FIRE-ARMS—JUSTICE OF THE PEACE—APPEAL.

2. A justice of the peace, for the county of Washington, has jurisdiction of offences against the by-laws of the corporation of Washington, although the amount of the penalty be discretionary, within certain limits.

3. That discretion does not deprive the party of his right of appeal.

6. A qui tam action will not lie for the penalty of that by-law. It is not necessary that the order for the appeal should be given under the corporate seal.

[Cited in W. U. Tel. Co. v. Scircle, 103 Ind. 229, 2 N. E. 605.]

7. It is not necessary that the justice who takes cognizance of the case, should be one of those appointed under the 6th section of the by-law of November 8, 1830.

9. The ten-days notice required by the 7th section of the act of congress of March 1, 1823 [3 Stat. 743], was for the benefit of the appellant, not of the appellee.

Mr. Eaton, in proper person, moved the court to dismiss the appeal, and contended that this was a criminal prosecution, of which the justice had no cognizance; his jurisdiction being limited to civil cases of debt or contract. That the penalty being discretionary, namely, not less than five, nor more than ten dollars for each offence, no action of debt will lie for it,

[1] [Reported by Hon. William Cranch, Chief Judge.]